## GEORGIA, FLORIDA & ALABAMA RY. CO. *v.* NORMAN.

1. The court did not err in charging the jury as follows: "If you decide that by the manner in which this railroad is built through that lot, or that by the operation of it through that land in the way it is located, damages result to the other land not taken, then find from the facts what that damage is, how much it is in dollars and cents; and then inquire and determine whether any benefits accrued to the owner of this land, Norman, under the same rules that you get the other information from the witnesses, the testimony in the case.  Will the owner of this land get any benefit; will it benefit him by this road going through there, by the operation of its franchise, the operation of its trains, the carrying on of its business, or anything of that kind; will he receive benefit to that land in that respect?" the court having given in another part of the charge the correct rule as to the assessment of consequential damages in case the consequential benefits equaled or exceeded the consequential damages.

2. There is no merit in the objections raised to the admission of testimony the ruling in regard to which is complained of in certain grounds of the motion.

3. There is evidence to sustain the verdict.
MAY 15, 1913.

Appeal from condemnation.  Before Judge Littlejohn.  Stewart superior court.  May 20, 1912.

*T. S. Hawes, T. Fort,* and *G. Y. Harrell,* for plaintiff.

*Hatcher & Hatcher* and *Frank A. Hooper,* for defendant.

BECK, J.  This case grew out of condemnation proceedings brought by the Georgia, Florida & Alabama Railway Company against Cornelius Norman.  The assessors found a certain amount in favor of Norman against the railway company, and Norman, being dissatisfied, appealed the case under the provisions of the statute.  The jury trying the case on the appeal returned a verdict

for $550 in favor of Norman. The railway company. made a motion for a new trial, and excepted to the overruling of the same. Besides the general grounds complaining that the verdict is without evidence to support it and contrary to law, the motion contains three other grounds, two relating to rulings as to the admissibility of evidence, and one complaining of a portion of the court's charge to the jury.

1. Error is assigned upon the following charge of the court: "If you decide that by the manner in which this railroad is built through that lot, or that by the operation of it through that land in the way it is located, damages result to the other land not taken, then find from the facts what that damage is, how much it is in dollars and cents; and then inquire and determine whether any benefits accrued to the owner of this land, Norman, under the same rules that you get the other information from the witnesses, the testimony in this case. Will the owner of this land get any benefit; will it benefit him by this road going through there, by the operation of its franchise, the operation of its trains, the carrying on of its business, or anything of that kind; will he receive benefit to that land in that respect?" This charge is objected to on the ground that it is argumentative, and that it does not correctly state or define what are consequential benefits, but restricts them to limits that are too narrow; movant contending that the real question is, whether the value of the land would be increased by the location of the road and its operation, and not whether the operation of the road will benefit the owner. Subsequently in his charge the court gave to the jury elaborate instructions, which are not complained of in the motion for a new trial, by which they should be guided in their investigation of the question as to whether or not the consequential damages would be equal to or exceed the consequential benefits, and embodying the rule as to deducting the consequential benefits from the consequential damages. The charge as given is not open to the criticism that it is argumentative, and, when considered in connection with the other portions of the charge to which we have referred, it is not too restricted or limited in any respect. In fact, a comparison of the language of the charge excepted to with the provisions of section 5225 of the Civil Code will show that the court followed substantially the rule for the assessment of damages therein laid down.

2.   The evidence of certain named witnesses was objected to on the grounds stated in the motion for a new trial.   There is no merit whatever in the objections raised to the testimony.

3.   There is evidence to sustain the verdict.

*Judgment affirmed.   All the Justices concur.*